1  JAMES B. CHANIN (SBN# 76043)
   JULIE M. HOUK   (SBN# 114968)
   Law Offices of James B. Chanin
2  3050 Shattuck Avenue
   Berkeley, California  94705
3  (510) 848-4752

4  JOHN L. BURRIS  (SBN# 69888)
   Law Offices of John L. Burris
5  Airport Corporate Center
   7677 Oakport Road, Suite 1120
6  Oakland, California  94621
   (510) 839-5200
7
   Attorneys for Plaintiffs
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11  JOSEPH PARKER; CHARLES ROBERSON;)
    AKUA FRANKLIN; JAMES OLIER;    ) CASE NO.
12  NATHAN CAVENESS; ELIAS MARGAIN; )
    FRANK WILLIAMS,                )
13                                 )
                   Plaintiffs,     )
14                                 ) COMPLAINT FOR DAMAGES
                                   )  (42 U.S.C. Sections
15                                 )   1983, 1985-1988)
    vs.                            )
16                                 )
    CITY OF OAKLAND, a municipal   )
17  corporation; RICHARD WORD,     )
    individually and in his capacity)
18  as Chief of Police for the City )
    of Oakland; SGT. HAYTER,       )
19  individually and in his capacity)
    as a sergeant of police for the )
20  City of Oakland; CLARENCE      )
    MABANAG, individually and in   )
21  his capacity as a police officer)
    for the City of Oakland;       )
22  JUDE SIAPNO, individually and  )
    in his capacity as a police    )
23  officer for the City           )
    of Oakland; FRANCISCO VAZQUEZ, )
24  individually and in his capacity)
    as a police officer for the City)
25  of Oakland; JOHN GUTIERREZ,    )
    individually and in his capacity)
26

COMPLAINT FOR DAMAGES          1

as a police officer for the City)
of Oakland; S. ARMERDING,        )
individually and in his capacity)
as a police officer for the City)
of Oakland; A. MCFARLANE,        )
individually and in his capacity)
as a police officer for the City)
of Oakland; DOES 1-100;          )
                                 )
                 Defendants.  )
_____)

### JURISDICTION

1.   This action arises under 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. The court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

### INTRADISTRICT ASSIGNMENT

2.   The claims alleged herein arose in the City of Oakland, State of California. Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco or Oakland Division. 28 U.S.C. Section 1391(b)(2).

### PARTIES

3.   Plaintiff, JOSEPH PARKER, is an African American male and is a citizen of the United States.

4.   Plaintiff, CHARLES ROBERSON, is an African American male and is a citizen of the United States.

5.   Plaintiff, AKUA FRANKLIN, is an African American female and is a citizen of the United States.

6.   Plaintiff, JAMES OLIER, is an African American male and is a citizen of the United States.

COMPLAINT FOR DAMAGES          2

7.    Plaintiff, NATHAN CAVENESS, is an African American male and is a citizen of the United States.

8.    Plaintiff, ELIAS MARGAIN, is an African American male and is a citizen of the United States.

9.    Plaintiff, FRANK WILLIAMS, is an African American male and is a citizen of the United States.

10.    The limitations period for each of the Plaintiffs in named herein was tolled, either because they were members of the putative class in the United States District Court action entitled, <u>Delphine Allen, et al. v. City of Oakland, et al.</u>, U.S.D.C. No. C00-4599 TEH, which was dismissed without prejudice to their claims on or about March 14, 2003 and/or because their claims were not ripe until their underlying criminal actions were dismissed or otherwise vacated within the year prior to the date of the filing of this lawsuit.

11.    Defendant CITY OF OAKLAND is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

12.    Defendant CLARENCE "CHUCK" MABANAG (hereinafter Defendant MABANAG) was at all times herein mentioned, a Police Officer for the CITY OF OAKLAND.

13.    Defendant FRANCISCO "FRANK" VAZQUEZ (hereinafter Defendant VAZQUEZ) was at all times herein mentioned, a Police Officer for the CITY OF OAKLAND.

14.    Defendant JUDE SIAPNO (hereinafter, Defendant SIAPNO) was at all times herein mentioned, a Police Officer for

the CITY OF OAKLAND.

15. Defendant S. ARMERDING (hereinafter, Defendant ARMERDING), was at all times herein mentioned, a Police Officer for the CITY OF OAKLAND.

16. Defendant A. MCFARLANE (hereinafter, Defendant MCFARLANE), was at all times herein mentioned, a Police Officer for the CITY OF OAKLAND.

17. Defendant JOHN GUTIERREZ (hereinafter, Defendant GUTIERREZ), was at all times herein mentioned, a Police Officer for the CITY OF OAKLAND.

18. Defendant SGT. HAYTER (hereinafter, Defendant HAYTER) was at all times herein mentioned, a police supervisor for the CITY OF OAKLAND.

19. Defendant RICHARD WORD (hereinafter, Defendant WORD) was at all times herein mentioned, the Chief of Police for the City of Oakland Police Department.  He is sued individually and in his capacity as Chief of Police for the City of Oakland.

20. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and upon such information and belief allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents,

injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

21.   In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND.

22.   In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

23.   In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

<u>STATEMENT OF FACTS</u>

24.   Plaintiffs are informed and believe and thereon allege that Defendant CITY OF OAKLAND employed a number of police officers, including, but not limited to, Defendants MABANAG, VAZQUEZ, SIAPNO, ARMERDING, MCFARLANE, GUTIERREZ and/or DOES 1-100 and/or each of them, who engaged in a repeated custom, policy, pattern and/or practice of committing civil rights

violations and other misconduct directed primarily at African Americans and other minority citizens within the City of Oakland.

25. Plaintiffs are further informed and believe and thereon allege that said civil rights violations and/or other misconduct included, but were not limited to, causing citizens to be subjected to false arrests, false imprisonment, causing false police reports to be written and false charges to be filed against citizens, planting drugs or other items and/or allowing drugs or other items to be planted by other officers, conspiracy and/or other misconduct.

26. Plaintiffs are further informed and believe and thereon allege that some of these officers became widely known as "the Riders" and that their misconduct was known by other members and supervisors within the CITY OF OAKLAND Police Department.

27. Plaintiffs are further informed and believe and thereon allege that despite the repeated and frequent nature of the misconduct and civil rights violations committed by "The Riders" and/or other officers, high ranking City of Oakland officials failed to take any or appropriate remedial action prior to the subject incidents involving the Plaintiffs. As a result, "The Riders," and/or other officers, engaged in repeated and serious acts of misconduct and civil rights violations against citizens in the Oakland neighborhoods where they were assigned.

28. Plaintiffs are further informed and believe and thereon allege that on or about November 2, 2000, the Alameda County District Attorney's Office filed criminal charges against

Defendants VAZQUEZ, MABANAG, SIAPNO and Matthew Hornung as a result of their repeated acts of misconduct while on duty as members of the Oakland Police Department.   Plaintiffs are informed and believe and thereon allege that said action is still pending in the Alameda County Superior Court.

29.   Plaintiffs are informed and believe and thereon allege that despite the fact that the CITY OF OAKLAND knew, and/or reasonably should have known, that other members of the CITY OF OAKLAND Police Department knew or should have known of the misconduct of "the Riders" and/or by other officers, the CITY OF OAKLAND failed to take any or appropriate remedial action against other officers who participated in and/or failed to stop such misconduct.

30.   Plaintiffs are informed and believe and thereon allege that Plaintiffs suffered the violation of their constitutional rights as a result of customs, policies, patterns and/or practices of Defendant CITY OF OAKLAND, including, but not limited to, deliberate indifference in the hiring, supervision, training and discipline of members of the Oakland Police Department, including, but not limited to, Defendants VAZQUEZ, MABANAG, SIAPNO, ARMERDING, MCFARLANE, GUTIERREZ, SGT. HAYTER and/or DOES 1-100, and/or each of them.

31.   Plaintiffs are informed and believe and thereon allege that Defendant CITY OF OAKLAND was on notice of a repeated pattern of misconduct by Defendants VAZQUEZ, MABANAG, SIAPNO, ARMERDING, MCFARLANE, GUTIERREZ and/or DOES 1-100, and/or each of

COMPLAINT FOR DAMAGES          7

them, but failed to take any or appropriate remedial action to stop said pattern of misconduct.

32. Plaintiffs are informed and believe and thereon allege that the aforementioned incidents were caused by the deliberate indifference of the CITY OF OAKLAND with regard to the need for more or different training and/or supervision and/or discipline of its police officers, including Defendants VAZQUEZ, MABANAG, SIAPNO, ARMERDING, MCFARLANE, GUTIERREZ, SGT. HAYTER and/or DOES 1-100.

33. Plaintiffs are further informed and believe and thereon allege that they suffered the violation of their constitutional rights as a result of customs, policies, or practices of the CITY OF OAKLAND, including, but not limited to, customs, policies or practices which encouraged, authorized or condoned false arrests, fabrication of evidence, falsification of police reports and/or other misconduct which foreseeably would result in the violation of the rights of citizens.

34. Plaintiffs are further informed and believe and thereon allege that they suffered the violation of their constitutional rights as a result of customs, policies or practices of the CITY OF OAKLAND, including, but not limited to, a custom, policy or practices of failing to stop or prevent ongoing acts of misconduct by certain members of its police department, including, but not limited to Defendants VAZQUEZ, MABANAG, SIAPNO, ARMERDING, MCFARLANE, GUTIERREZ, and/or DOES 1-100, or each of them.

35.   Plaintiffs are further informed and believe and thereon allege that high ranking City of Oakland officials, including, but not limited to, high ranking police department supervisors, knew and/or reasonably should have known of the custom, policies, patterns and/or practices of misconduct by Defendants VAZQUEZ, MABANAG, SIAPNO, ARMERDING, MCFARLANE, GUTIERREZ and/or DOES 1-100, and/or by each of them, and failed to take any or appropriate remedial action prior to the subject incident.

36.   Plaintiffs are further informed and believe and thereon allege that said high ranking City of Oakland officials who knew and/or should have known of the misconduct of "The Riders" and/or other officers, include, but are not limited to, Defendants WORD, SGT. HAYTER and/or DOES 1-100.

37.   Plaintiff is further informed and believes and thereon alleges that Defendants WORD, HAYTER and/or DOES 1-100, and/or each of them, ratified, approved, condoned and/or otherwise encouraged a pattern, practice, custom or policy of misconduct and/or civil rights violations by "The Riders" and/or by other officers.

### THE INDIVIDUAL PLAINTIFFS

### JOSEPH PARKER

38.   On or about July 3, 2000, Plaintiff JOSEPH PARKER was near the corner of 10th and Center Street in West Oakland when Defendants VAZQUEZ, MABANAG, SIAPNO and/or DOES 1-100, arrived in the area.

COMPLAINT FOR DAMAGES          9

39.   Although the Plaintiff was not in possession of any drugs, including any rock cocaine, and had not committed any crime, he was subjected to unreasonable and excessive force, thrown to the ground and arrested without reasonable or probable cause to believe that he committed any crime by Defendants VAZQUEZ, MABANAG, SIAPNO and/or DOES 1-100 and/or each of them, individually and/or while acting in concert with one another.

40.   The Plaintiff was eventually released from custody when Defendants VAZQUEZ, MABANAG, SIAPNO and/or DOES 1-100 and/or each of them, individually and/or while acting in concert with one another, decided to arrest and falsely charge Rodney Mack, with a drug offense based on a false report concerning the incident.  Mr. Mack's charges were eventually dropped by the Alameda County District Attorney's Office and the arrest of Mr. Mack was one of the incidents that led to criminal charges being filed against Defendants VAZQUEZ, MABANAG, SIAPNO and/or DOES 1-100 and/or each of them.

41.   As a result of Defendants' acts and/or omissions, Plaintiff PARKER sustained damages and injuries, including, but not limited to, pain and suffering, denial of liberty without due process of law, emotional distress and other damages to be ascertained in amounts to be determined according to proof.

**CHARLES ROBERSON**

42.   On or about September 13, 1996, Plaintiff

ROBERSON was entertaining friends at the home he shared with his father at or about 1704 23rd Avenue, Oakland, California.

43.  When Plaintiff ROBERSON and his friends exited his home, they were stopped without reasonable or probable cause to believe that they committed any crimes by Defendant MABANAG or DOE 1.

44.  After Plaintiff ROBERSON complained about the unreasonable stop, Defendant MABANAG or DOE 1 falsely claimed that Plaintiff ROBERSON dropped cocaine on the ground and falsely arrested and imprisoned him on a false felony drug charge.

45.  As a result, Plaintiff ROBERSON was falsely arrested and was falsely imprisoned in the City of Oakland Jail.

46.  Criminal charges were then filed against Plaintiff ROBERSON based on Defendant MABANAG's false account of the incident.  As a result, Plaintiff ROBERSON was forced to defend himself against the criminal charges in Court.

47.  Fearing that he would be convicted on the false criminal charges, Plaintiff ROBERSON accepted a plea agreement, which included jail time, probation and other terms and conditions which restricted Plaintiff ROBERSON's liberty.

48.  Thereafter, on or about July 25, 2003, the false criminal charges filed against the Plaintiff as a result of this incident were dismissed by the Alameda County Superior Court.

49.  As a result of this incident, Plaintiff ROBERSON suffered damages and injuries that included, but were not limited to, pain, suffering, emotional distress, loss of liberty and freedom, court costs, fines and/or expenses, lost income and/or lost wages in amounts to be determined according to proof.

**AKUA FRANKLIN**

50.  On or about April 18, 1999, Plaintiff AKUA FRANKLIN was stopped, detained and arrested by Defendants MABANAG and/or DOES 1-100 and/or each of them, without reasonable or probable cause to believe that she committed any crime. During the course of the arrest, Defendants MABANAG and/or DOES 1-100 and/or each of them, falsely claimed that he found cocaine in Plaintiff FRANKLIN's possession.

51.  As a result, Plaintiff FRANKLIN was arrested and imprisoned without reasonable or probable cause.

52.  Fearing that she would be convicted of a lengthy prison sentence based on the officers' false reports and/or testimony, Plaintiff FRANKLIN accepted a plea agreement, the conditions of which included, but were not limited to, county jail time, a fine, three years of probation and a four way search clause.

53.  Thereafter, on or about August 8, 2003, the false criminal charges filed against the Plaintiff as a result of this incident were dismissed by the Alameda County Superior Court following a motion to dismiss made by the Alameda County

District Attorney's Office.

54.   As a result of this incident, Plaintiff FRANKLIN sustained damages and injuries, including, but not limited to, pain, suffering, emotional distress, loss of liberty, attorneys' fees in connection with the defense of the criminal action, court costs and/or expenses and/or other damages and injuries to be determined according to proof.

**JAMES OLIER**

55.   On or about March 6, 2000, Plaintiff JAMES OLIER was sitting in a car parked in the vicinity of the 300 Block of Lewis Street in Oakland, California.  Plaintiff OLIER was not committing any crime and there was no reasonable or probable cause to believe that he was.

56.   Nevertheless, Defendants VAZQUEZ, ARMERDING and/or DOES 1-100 and/or each of them, approached the vehicle and ordered Plaintiff OLIER and the other occupants to get out of the car.

57.   Defendant VAZQUEZ searched the Plaintiff and did not discover any illegal drugs in the Plaintiff's possession.

58.   Nevertheless, Defendants VAZQUEZ, ARMERDING and/or DOES 1-100 and/or each of them, conspired and/or acted in concert with one another, to cause the Plaintiff to be falsely arrested, falsely imprisoned and falsely charged with drug crime because they knew the Plaintiff was on probation and would likely go to state prison if convicted of the false drug charge.

COMPLAINT FOR DAMAGES          13

59.   Fearing that he would receive a harsh sentence if he contested the charges in a jury trial, the Plaintiff agreed to accept a plea agreement.  The terms of the plea agreement included, but were not limited to, five years of felony probation, with the first eight months served in the Alameda County jail, the imposition of fees and fines, requirements that the Plaintiff submit to searches, drug tests, register as a narcotics offender and attend a drug program.

60.   Eventually, on or about December 12, 2002, the false charges against the Plaintiff were dismissed by the Court when the Court granted the Plaintiff's petition for a writ of habeas corpus.

61.   As a result of this incident, the Plaintiff suffered damages and injuries which included, but were not limited to, pain, suffering, emotional distress, loss of liberty and freedom, court costs, expenses and/or fines and/or other damages in amounts to be determined according to proof.

**NATHAN CAVENESS**

62.   On or about February 4, 1999, Plaintiff NATHAN CAVENESS was a passenger in a vehicle that was pulled over by Defendant MABANAG and/or DOE 1.

63.   Plaintiff had committed no crime and there was no reasonable or probable cause to believe that the Plaintiff committed any crime.

64.   Nevertheless, Defendant MABANAG or DOE 1 falsely claimed that he saw Plaintiff drop cocaine on the ground after

exiting the vehicle.

65. As a result, Plaintiff was arrested and imprisoned without reasonable or probable cause to believe that he committed any crime and was falsely charged with a felony. Plaintiff remained imprisoned in the Alameda County Jail for approximately 70 days while he was awaiting trial in Alameda Superior Court.

66. Fearing that he would be convicted if he tried to contest the false charges in a jury trial, the Plaintiff agreed to accept a plea agreement whereby he received a sentence of 16 months in State Prison, was ordered to pay restitution and a fine and was subjected to other terms and conditions of his sentence and parole.

67. Eventually, on or about December 12, 2002, the Court dismissed the false felony charge against the Plaintiff when it granted the Plaintiff's petition for a writ of habeas corpus.

68. As a result of this incident, Plaintiff suffered damages and injuries, including, but not limited to, pain, suffering, emotional distress, loss of liberty and freedom, court costs, expenses and/or fines and/or other damages in amounts to be determined according to proof.

**ELIAS MARGAIN**

69. On or about September 9, 1999, Plaintiff ELIAS MARGAIN was driving a vehicle in or about the vicinity of 34th Street in Oakland, California when he was pulled over by a City

of Oakland Police Officer.

70.   During the course of the vehicle stop, a second officer arrived at the scene in a different police vehicle.

71.   Plaintiff MARGAIN is informed and believes and thereon alleges that said officers were Defendants JOHN GUTIERREZ or DOE 1, FRANCISCO VAZQUEZ OR DOE 2 and/or DOES 3-100 and/or each of them.  Since the CITY OF OAKLAND has refused heretofore to provide Plaintiff MARGAIN with a copy of the police report concerning this incident prior to the filing of this action, Plaintiff is unable to more specifically identify the officers involved in his arrest and, as a result, is alleging upon information and belief that the officers were Defendants GUTIERREZ, VAZQUEZ or DOES 1-100.

72.   Despite the fact that Plaintiff MARGAIN was searched and his vehicle was searched and the officers found no evidence of drugs or drug paraphernalia, Defendants VAZQUEZ, GUTIERREZ, DOES 1-100 and/or each of them, falsely claimed that Plaintiff possessed crack cocaine.

73.   As a result, Plaintiff was falsely arrested, imprisoned and falsely charged with a felony drug offense.

74.   Plaintiff was forced to post bail in order to be released from jail and incurred costs and expenses as a result thereof.

75.   Plaintiff was then falsely charged with a felony based on the false allegations by said Defendants and/or each of them, individually and/or while acting in concert with one

another and was forced to defend himself against the false charges in Court.

76. Fearing that he might be convicted of the felony and sentenced to jail or prison if he contested the false charges at a jury trial, the Plaintiff agreed to accept a plea agreement which included diversion.

77. Subsequently, in or about February 2003, the Plaintiff was stopped for a minor violation and it was discovered that he had an outstanding warrant because he did not complete diversion. As a result, the Plaintiff was arrested and imprisoned again as a result of the false charges arising from the September 1999 incident.

78. On or about February 14, 2003, the false criminal charges arising from the September 1999 incident were dismissed upon motion of the Alameda County District Attorney's Office.

79. As a result of this incident, Plaintiff sustained damages and injuries, including, but not limited to, pain, suffering, emotional distress, loss of liberty and freedom, lost income and/or wages, court costs, bail, fines and/or other expenses and/or other damages in amounts to be determined according to proof.

**FRANK WILLIAMS**

80. On or about May 22, 2000, Plaintiff FRANK WILLIAMS was in the vicinity of the 2100 Block of Myrtle Street in Oakland, California, when Defendants VAZQUEZ, MABANAG,

SIAPNO, ARMERDING, MCFARLANE and/or DOES 1-100 and/or each of them, arrived in the area.

81.   Despite the fact that there was no reasonable or probable cause to believe that Plaintiff WILLIAMS had committed any crime, said Defendants and/or each of them, caused him to be falsely arrest, falsely imprisoned and/or falsely charged with a false crimes and/or caused him to be subjected to excessive and unreasonable force during the course of said false arrest.

82.   As a result, Plaintiff WILLIAMS beaten when he was arrested and a false statement was created by said Defendants and/or each of them, individually and/or while acting in concert with one another, which was falsely attributed to Plaintiff WILLIAMS which attempted to insulate the officers from liability for the physical injuries and other damages inflicted on the Plaintiff as a result of this incident.

83.   The Plaintiff, who was a juvenile at the time, was taken to juvenile hall where he was imprisoned without reasonable or probable cause to believe that he committed any crime.  The Plaintiff was later released to his mother and no charges were filed against the Plaintiff as a result of this incident.

84.   As a result of this incident, the Plaintiff suffered injuries and damages, including, but not limited to, pain, suffering, emotional distress, physical injuries to his

body and head, medical and related expenses, loss of liberty and freedom and other damages in amounts to be determined according to proof.

85. Thereafter, approximately a month after the aforesaid incident occurred, Plaintiff was contacted again by Defendant VAZQUEZ or DOE 1 in the vicinity of the 2100 Block of Myrtle in Oakland without reasonable or probable cause to believe that he committed any crime.

86. Defendant VAZQUEZ or DOE 1 subjected the Plaintiff to excessive and unreasonable force, including by throwing the Plaintiff from a roof.

87. As a result, Plaintiff sustained damages and injuries, including, but not limited to, pain, suffering and emotional distress and/or other damages and/or injuries in amounts to be determined according to proof.

FIRST CAUSE OF ACTION
(42 U.S.C. SECTION 1983)
(AGAINST DEFENDANTS VAZQUEZ, MABANAG,
SIAPNO, ARMERDING, MCFARLANE, GUTIERREZ, HAYTER, DOES 1-100)

88. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 87.

89. In doing the acts complained of herein, Defendants VAZQUEZ, MABANAG, SIAPNO, ARMERDING, MCFARLANE, GUTIERREZ, HAYTER and/or DOES 1 through 100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs and/or each of them as alleged heretofore in this Complaint, of certain

constitutionally protected rights, including, but not limited to:

    (a)   the right to be free from excessive and unnecessary police use of force;

    (b)   the right not to be deprived of liberty without Due Process of Law;

    (c)   the right to be free from unreasonable search or seizure;

    (d) the right to freedom of association and/or freedom of speech; and/or

    (e) the right to Equal Protection of the Law.

    90.   Said rights are substantive guarantees under the First, Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. SECTION 1983)
(AGAINST DEFENDANTS WORD, CITY OF OAKLAND, DOES 1-100)

    91.   Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 90.

    92.   As against Defendants CITY OF OAKLAND, WORD and/or DOES 1-100 and/or each of them, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the City of Oakland Police Department tantamount to a custom, policy or repeated practice of

COMPLAINT FOR DAMAGES          20

condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

93.   Plaintiffs are further informed and believe and thereon allege that the acts alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY OF OAKLAND, WORD and/or DOES 1-100 and/or each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by Defendant CITY OF OAKLAND, WORD, DOES 1-100 and/or each of them, and other high ranking police department officials.

94.   The injuries to the Plaintiffs were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants CITY OF OAKLAND, WORD and/or DOES 1-100 and/or each of them.

95.   Plaintiffs are further informed and believe and thereon allege that the damages they sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the CITY OF OAKLAND Police Department by Defendants CITY OF OAKLAND, WORD and/or DOES 1-100 and/or each of them.

96.   Plaintiffs are further informed and believe and upon such information and belief allege that their damages and injuries were caused by customs, policies, patterns or practices of Defendants CITY OF OAKLAND, WORD, DOES 1-100

and/or each of them, of deliberate indifference in the training, supervision and/or discipline of "The Riders" and/or other Oakland Police Officers and supervisors, including, but not limited to, Defendants VAZQUEZ, MABANAG, SIAPNO, ARMERDING, MCFARLANE, GUTIERREZ, HAYTER and/or DOES 1-100, and/or each of them.

       97.  The aforementioned customs, policies or practices of Defendants CITY OF OAKLAND, WORD and/or DOES 1-100 and/or each of them, resulted in the deprivation of the constitutional rights of the Plaintiffs, and each of them, including, but not limited to, the following:

    (a) the right to be free from excessive and unnecessary police use of force;

    (b)  the right not to be deprived of liberty without Due Process of Law;

    (c)  the right to be free from unreasonable searches and/or seizures;

    (d) the right to freedom of association and/or freedom of speech; and/or

    (e)  the right to Equal Protection of the Law.

       98.  Said rights are substantive guarantees under the First, Fourth and/or Fourteenth Amendments to the United State Constitution.

    WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

THIRD CAUSE OF ACTION

(42 U.S.C. SECTION 1983)

(AGAINST DEFENDANTS WORD, HAYTER AND DOES 1-100)

99.   Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 98.

100. Plaintiffs are informed and believe and thereon allege that high ranking City of Oakland officials, including high ranking police supervisors, such as Defendant WORD, Defendant HAYTER and/or DOES 1 through 100, knew and/or reasonably should have known about the repeated acts of misconduct by "The Riders," the individual police officer Defendants herein or each of them, and/or DOES 1-100, and/or each of them.

101. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants WORD, HAYTER and/or DOES 1-100, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers or each of them.

102. Plaintiffs are further informed and believe and thereon allege that at the time of certain of the subject incidents, Defendant HAYTER supervised "The Riders," and/or some of the individual police officer Defendants herein and/or DOES 1-100, and/or each of them, and approved, encouraged or otherwise ratified misconduct as alleged herein.

103. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate

indifference, reckless and/or conscious disregard of the misconduct by "The Riders" the individual police officer Defendants herein or each of them, and/or DOES 1-100, and/or each of them, Defendants WORD, HAYTER and/or DOES 1-100, encouraged, authorized, ratified and/or acquiesced in the continued custom, policy or practice of civil rights violations and other misconduct as alleged in this Complaint.

104.   The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Oakland officials, including high ranking City of Oakland Police Department supervisors, Defendants WORD, HAYTER and/or DOES 1-100, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

(a) the right to be free from excessive and unnecessary police use of force;

(b)  the right not to be deprived of liberty without Due Process of Law;

(c)  the right to be free from unreasonable searches and/or seizures;

(d) the right to freedom of association and/or freedom of speech; and/or

(e)  the Equal Protection of the Law.

105. Said rights are substantive guarantees under the First, Fourth and/or Fourteenth Amendments to the United State Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

FOURTH CAUSE OF ACTION

(42 U.S.C. §§1985-86)

(AGAINST DEFENDANTS CITY OF OAKLAND, WORD, HAYTER, VAZQUEZ, SIAPNO, MABANAG, ARMERDING, MCFARLANE, GUTIERREZ, DOES 1-100)

106. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 107.

107. In doing the acts and/or omissions alleged herein, Defendants VAZQUEZ, SIAPNO, MABANAG, ARMERDING, MCFARLANE, GUTIERREZ, DOES 1-100, and/or each of them, individually, while acting in concert with one another and/or by failing to intervene, conspired for the purpose of depriving Plaintiffs, either directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws as alleged in this Complaint in violation of 42 U.S.C. §1985.

108. As a result of said conspiracy and/or conspiracies by Defendants VAZQUEZ, SIAPNO, MABANAG, ARMERDING, MCFARLANE, GUTIERREZ, DOES 1-100, and/or each of them, individually, while acting in concert with one another and/or by failing to intervene, Plaintiffs and/or each of them, are entitled to recover damages in amounts to be determined according to proof.

109. Plaintiffs are further informed and believe and thereon allege that Defendants CITY OF OAKLAND, WORD, SGT.

COMPLAINT FOR DAMAGES          25

HAYTER, the individual police officer Defendants herein, DOES 1-100, and/or each of them, had the power to stop and/or aid in preventing the conspiracy and/or conspiracies by said other Defendants, and/or each of them, as alleged herein, but instead maintained customs, policies, and/or practices which encouraged, authorized, condoned, ratified, failed to prevent and/or failed to aid in the prevention of the wrongs conspired to be done by said other Defendants and/or each of them, alleged herein.

110. As a result of said customs, policies and/or practices, Defendant CITY OF OAKLAND, Defendant WORD, the individual police officer Defendants herein, SGT. HAYTER, DOES 1-100, and/or each of them, are liable under 42 U.S.C. §1986 for their failure to stop and/or failure to prevent the wrongs conspired to be done by said other defendants and/or each of them as alleged herein.

111. Plaintiffs are further informed and believe and thereon allege that high ranking CITY OF OAKLAND officials, including, but not limited to high ranking CITY OF OAKLAND Police Department supervisors, including Defendant WORD, Defendant HAYTER and/or DOES 1-100, and each of them, knew and/or reasonably should have known of the wrongs conspired to be done by said other Defendants and/or each of them, had the power to prevent or aid in preventing the commission of the same, and neglected and/or refused to do so in violation of 42 U.S.C. §1986.

112. As a result of the failure and/or refusal of Defendant WORD, Defendant HAYTER, the individual police officer Defendants herein and/or DOES 1-100, and each of them, to prevent or aid in preventing the commission of the conspiracy and/or conspiracies by said other Defendants and/or each of them, Plaintiffs are entitled to recover damages in amounts to be determined according to proof.

<u>STATEMENT OF DAMAGES</u>

113. Plaintiffs incorporates by reference and re-alleges herein Paragraphs 1 through 112.

114. As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiffs and/or each of them, suffered all and/or some of the damages listed below:

(a) General damages, including, but not limited to, past, present and future damages for pain, suffering, emotional distress, loss of liberty in amounts to be determined according to proof;

(b) Past, present and/or future damages for medical and/or related expenses in amounts to be determined according to proof;

(c) Past, present and/or future damages for wage loss and/or damage to career in amounts to be determined according to proof;

(d) Past, present and/or future damages for attorneys' fees, fines, bail expenses, court costs and/or

other costs incurred in connection with the underlying false arrests and/or the defense against false criminal charges filed as a result of the acts and/or omissions of Defendants and/or each of them.

115. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of Defendants WORD, HAYTER, VAZQUEZ, MABANAG, SIAPNO, ARMERDING, MCFARLANE, GUTIERREZ, DOES 1-100, and/or each of them, were intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the Plaintiffs and/or each of them, as alleged heretofore in this Complaint. Accordingly, Plaintiffs pray for an award of punitive and exemplary damages in amounts to be determined according to proof.

116. Plaintiffs will also be entitled to an award of attorneys' fees and costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. Sections 1983, 1985-86, 1988 and/or under other statutes and/or laws.

<u>JURY TRIAL DEMAND</u>

117. Plaintiff hereby demands a jury trial.

<u>PRAYER</u>

WHEREFORE, Plaintiffs, and each of them, pray for judgment against Defendants, and each of them, as follows:

1.    General damages to be determined according to proof;

2.    Special damages, including but not limited to medical and related expenses, wage loss and/or damage to

career; attorneys' fees, court costs and/or other out of pocket expenses in connection with the underlying criminal charges and/or false arrests as alleged herein;

3.  Attorneys' fees pursuant to statutes;

4.  Costs of suit;

5.  Punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

6.  For prejudgment interest as permitted by law;

7.  For such other and further relief as the Court may deem just and proper.


DATED: August 27, 2003          __/s/_____
                                JAMES B. CHANIN
                                Attorney for Plaintiffs



        August 27, 2003         __/s/_____
                                JOHN L. BURRIS
                                Attorney for Plaintiffs

COMPLAINT FOR DAMAGES          29